# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52636-1-II |
| Respondent. | |
| vs. | UNPUBLISHED OPINION |
| KURTIS WILLIAM MONSCHKE, | |
| Appellant. | |

MAXA, P. J. – Kurtis Monschke appeals the trial court's order denying his motion for remission of appellate costs. Monschke was convicted of first degree murder in 2004 and is serving a life sentence without the possibility of release. Appellate costs of over $45,000 were imposed on him pursuant to his 2006 direct appeal and 2010 personal restraint petition (PRP).

Under former RCW 10.73.160(4) (1995), a defendant who had been sentenced to pay costs and was not in contumacious default could move to remit appellate costs "at any time." The sentencing court could remit all or part of the appellate costs due if payment would impose "manifest hardship" on the defendant or his immediate family. Amendments effective June 7, 2018 to RCW 10.73.160(4) provide that a defendant now may move to remit appellate costs only "after release from total confinement" and that "manifest hardship" exists where the defendant is indigent as defined in RCW 10.101.010(3)(a)-(c).

On June 12, 2018, Monschke filed a motion for the remission of his appellate costs and waiver of interest on those costs. The court did not address the motion, stating that this issue

could be addressed through a motion to the Court of Appeals. The court also denied a motion for reconsideration, stating that Monschke had not been released from total confinement.

Monschke argues that former RCW 10.73.160(4) applies to his motion for remission of his appellate costs, and therefore that he had the right to file a motion for remission at any time. The State concedes that the case should be remanded for the trial court to consider Monschke's motion for remission of appellate costs. Under the circumstances of this case, we accept the State's concession without addressing the merits of Monschke's argument. Monschke also argues that we should conclude as a matter of law that he has established manifest hardship. We decline to do so, and we remand for the trial court to make this determination.

Accordingly, we reverse the trial court's dismissal of Monschke's motion for remission of appellate costs and remand for the trial court to consider that motion.

FACTS

In 2004, the trial court sentenced Monschke to life imprisonment without the possibility of release after his conviction for aggravated first degree murder. In 2006, we affirmed his conviction on direct review. In June 2007, the trial court added Monschke's appellate costs of $20,769 to his legal financial obligations.

In 2010, Monschke pursued an unsuccessful PRP. In June 2012, the trial court added Monschke's appellate costs of $25,042 to his judgment and sentence. Monschke was declared indigent at trial and his indigency continued on appeal and collateral review.

On June 12, 2018, Monschke moved the trial court for an order waiving appellate costs and waiving interest on nonrestitution legal financial obligations (LFOs) that had accrued during his confinement. Monschke stated in a supporting declaration that the total accrued interest was

$46,117.05. He stated that the accrual of interest was causing him and his family significant hardship.

The trial court waived "interest on non-restitution legal financial obligations that accrued before June 7, 2018 . . . as ordered in the judgment & sentence of June 4, 2004 only." Clerk's Papers (CP) at 81. The principal of those LFOs totaled $710. The court did not address appellate costs or interest accruing on those costs. In its findings, the court stated, "Interest on appellate costs is reserved for determination by Court of Appeals." CP at 81. In its order, the court stated, "Defendant's Motion to Waive Appellate Costs and any interest on such costs is not addressed by this order. This issue may be addressed by way of motion to the Court of Appeals." CP at 82.

Monschke moved for reconsideration of the trial court's order on the ground that the trial court had failed to address his request to waive appellate costs. He argued that waiver was required under the 2018 amendments to the LFO statutes because he was indigent when the costs were imposed. The trial court denied Monschke's motion without prejudice. The court stated, "Defendant has not been released from total confinement as required by RCW 10.82.090(2)." CP at 94.

A commissioner of this court granted discretionary review of the trial court's order denying reconsideration.

ANALYSIS

A.    REMISSION OF APPELLATE COSTS

Under RCW 10.73.160(1), courts may require a convicted defendant to pay appellate costs. Former RCW 10.73.160(4), in effect at the time the appellate costs were imposed on Monschke, provided:

> A defendant . . . who has been sentenced to pay costs and who is not in contumacious default in the payment *may at any time* petition the court that sentenced the defendant . . . for remission of the payment of costs or of any unpaid portion. If it appears to the satisfaction of the sentencing court that payment of the amount due will impose *manifest hardship* on the defendant [or] the defendant's immediate family . . . the sentencing court may remit all or part of the amount due in costs, or modify the method of payment under RCW 10.01.170.

(Emphasis added.)

This statute unambiguously provided that a defendant could file a motion for remission of appellate costs at any time as long as the defendant had been ordered to pay costs and was not in contumacious default. *See State v. Shirts*, 195 Wn. App. 849, 858-59, 381 P.3d 1223 (2016) (interpreting similar language in RCW 10.01.160(4) regarding the remission of LFOs).

In 2018, the legislature amended RCW 10.73.160(4), which now provides:

> A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment *may at any time after release from total confinement* petition the court that sentenced the defendant . . . for remission of the payment of costs or of any unpaid portion. If it appears to the satisfaction of the sentencing court that payment of the amount due will impose *manifest hardship* on the defendant or the defendant's immediate family, the sentencing court may remit all or part of the amount due in costs . . . . *Manifest hardship exists where the defendant . . . is indigent as defined in RCW 10.101.010(3)(a) through (c).*

(Emphasis added.) The 2018 amendments to RCW 10.73.160 became effective on June 7, 2018. LAWS OF 2018, ch. 269.

The 2018 amendments to RCW 10.73.160(4) made two changes regarding the remission of appellate costs. First, a defendant may move for remission of appellate costs only "after release from total confinement." Second, "manifest hardship" exists where the defendant is indigent as defined in RCW 10.101.010(3)(a)-(c).

B.      TRIAL COURT CONSIDERATION OF REMISSION MOTION

Monschke argues that the former version of RCW 10.73.160(4), not the current version, applies to his motion for remission of his appellate costs. Therefore, Monschke claims, and the

State concedes, Monschke was entitled to file his motion even though he had not been released from total confinement. We accept the State's concession without addressing the merits of Monschke's argument.

1. Trial Court vs. Appellate Court

Initially, it appears that the trial court believed that a motion to remit appellate cost must be made in the Court of Appeals. However, RCW 10.73.160(4) expressly states that a person sentenced to pay appellate costs must file the petition for remission with "the court that sentenced the defendant." Here, the trial court was the court that imposed the appellate costs on Monschke. Therefore, the motion was properly filed in the trial court. *See State v. Grant*, 196 Wn. App. 644, 648, 385 P.3d 184 (2016).

Similarly, the trial court ruled that the issue of interest on appellate costs should be reserved for determination by the Court of Appeals. But this issue is one for the trial court as well.

2. Applicability of 2018 Amendments to RCW 10.73.160(4)

Whether the trial court had the authority to consider Monschke's motion for remission of appellate costs depends upon whether the 2018 amendments to RCW 10.73.160(4) apply. If the former version of RCW 10.73.160(4) applies, Monschke could file his motion at any time, even if he had not been released from total confinement, and the trial court had authority to consider the motion. If the current version of RCW 10.73.160(4) applies, Monschke could not file his motion because he had not been released from total confinement, and the trial court did not have authority to consider the motion.

Monschke argues that the former version of RCW 10.73.160(4) applies here even though his motion was filed after the effective date of the amendments to that statute. The State has

chosen not to address this issue in its brief. Instead, the State concedes that the trial court should consider Monschke's motion. Under the circumstances of this case, we accept the State's concession without addressing the merits of Monschke's argument. Therefore, we remand for the trial court to consider Monschke's motion for remission of appellate costs.

C.    EXISTENCE OF MANIFEST HARDSHIP

Monschke argues that we should grant remission of his appellate costs because his indigence constitutes manifest hardship. We decline to consider whether the payment of appellate costs would impose manifest hardship on Monschke.

Monschke argues that the portion of the current version of RCW 10.73.160(4) regarding manifest hardship, which states that manifest hardship exists where a defendant is indigent under RCW 10.101.010(3)(a)-(c), should apply to his motion. He claims that we should find that he is indigent under RCW 10.101.010(3)(a)-(c) and therefore that he has established manifest hardship.

However, whether Monschke has established manifest hardship is an issue for the trial court. Therefore, on remand the trial court must determine that issue. And the parties can argue on remand whether the current version of RCW 10.73.160(4) applies to the manifest hardship determination.

CONCLUSION

We reverse the trial court's dismissal of Monschke's motion for remission of appellate costs and remand for the trial court to consider that motion. The trial court should determine the existence of manifest hardship and exercise its discretion regarding whether to remit the appellate costs.

No. 52636-1-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, P.J.

We concur:

GLASGOW, J.

CRUSER, J.

7